# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HELEN D. WINTERS,**

          **Plaintiff,**

**-vs-**                                     **Case No. 6:12-cv-536-Orl-37DAB**

**MARK R. WINTERS,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **April 9, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the action be **dismissed** for lack of subject matter jurisdiction.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*,

817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See, generally, Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Alexander v. Sandoval,* 532 U.S. 275, 293 n.8 (2001).

*The Complaint*

Plaintiff, represented by counsel, purports to plead a federal question action, "predicated upon 8 U.S.C. § 1183a(e)(I)" (Doc. No. 1). Plaintiff alleges that she is a citizen of Nicaragua and she and Defendant married there in 2005 (*Id.* at ¶ 4). She asserts that "both parties" are residents of Florida (*Id.* at ¶ 2). Plaintiff is the mother of two minor children "subject to this proceeding" (*Id.* at ¶3).

According to the Complaint, after the parties were married, Plaintiff entered the United States on a Petition for Alien Relative, filed by Defendant on behalf of Plaintiff and the minor children (*Id.* at ¶ 5). Plaintiff and the minor children were granted permanent resident status "only upon the execution of Form1-184 . . .by which the Defendant promised to provide direct support to the Plaintiff and the minor children." (*Id.* at ¶ 6).

In 2006, the parties had a child (*Id.* at ¶ 7). In 2010, Defendant filed a Petition for Dissolution of Marriage in state court (*Id.* at ¶ 8). Plaintiff requested support pursuant to 8 U.S.C. § 1183a in the pending dissolution proceeding, "however Plaintiff's claim was dismissed without prejudice due

to the fact that Plaintiff was not able to timely produce a copy of the executed I-864." (*Id*. at ¶ 9).

Plaintiff alleges that:

> A copy of the Affidavit of Support (Form 1-864) and other immigration documents were provided to the Defendant and submitted as evidence in the pending dissolution. However to date, the Circuit Court has not overturned the Order Dismissing the Plaintiffs claim under 1-864 and has not made a determination of child support and spousal support. The Plaintiff and the minor children continue to be deprived and impoverished.

(*Id.* at ¶10).

Plaintiff asserts that "pursuant to 8 U.S.C. § 1183a, Defendant is required to provide support to the Plaintiff and the minor children in the amount of 125% of the Federal Poverty Guidelines" (*Id.* at ¶11), and prays for a judgment for the amount of financial support due to her "pursuant to statute" (*Id.* at ¶ 12). Plaintiff also asks that the Court set a reasonable support for the minor children, require Defendant to maintain health insurance coverage, require Defendant to provide a life insurance policy, require future payments in accordance with the Federal Poverty Guidelines, and require Defendant to pay all attorney's fees and costs. *Id.* Plaintiff attaches to the Complaint the Form I-864 she references.

### *The Affidavit of Support*

Under 8 U.S.C. § 1182(a)(4)(C)(ii), an affidavit of support is required for certain aliens to obtain adjustment of status to lawful permanent residency, including the spouses of American citizens and children accompanying their immigrant parents. To "establish that an alien is not excludable as a public charge," an affidavit of support must be executed by a sponsor of the alien as a contract in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty level during the period in which the affidavit is enforceable. *See* 8 U.S.C. § 1183a(a)(1)(A). The contract is "is legally enforceable against the sponsor by the sponsored alien, the Federal Government, any State (or any political subdivision of

such State), or by any other entity that provides any means-tested public benefit."  8 U.S.C. § 1183a(a)(1)(B).  The affidavit is enforceable until the alien either becomes a naturalized citizen of the United States or is credited with having "worked 40 qualifying quarters of coverage as defined under title II of the Social Security Act." *Id*. § 1183a(a)(2)-(3).  Notably, while the federal staute requires execution of the affidavit, it is the affidavit and not the statute that creates the support obligation.

*Analysis*

Although Plaintiff's Complaint is not entirely clear, it appears she is contending that 8 U.S.C. § 1183a(e)(I) gives her a private federal cause of action to enforce a right to support contained in the Form I-864 (herein "the Form").[1]  While the Court agrees that she has a cause of action, there is no showing that this Court has jurisdiction over her claim as the basis of the claim is the *contract* contained in the Form, not any provision of the federal statute itself.

Plaintiff relies on 8 U.S.C. § 1183a(e)(I) , which provides:

 e) Jurisdiction
An action to enforce an affidavit of support executed under subsection (a) of this section may be brought against the sponsor *in any appropriate court--*
(1) by a sponsored alien, with respect to financial support; . . .

*Id.* (emphasis added).  Notably, the statutory provision does not provide that an action by a sponsored alien may be brought "in the United States District Courts," but, rather, directs a plaintiff to "the appropriate court."[2]  This is not an explicit grant of jurisdiction in the federal courts, as the Form itself makes clear by providing, in pertinent part:

---

[1]Diversity jurisdiction is not present here (*see* 28 U.S.C. § 1332(a)(2)).

[2]Compare the statutory language with other statutes that unambiguously provide for federal court jurisdiction, for example, 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court . . ."); and 5 U.S.C. § 7123 (b) (" The Authority may petition any appropriate United States court of appeals for the enforcement of any order of the Authority ...").

> I acknowledge that section 21114(0)(1)(8) of the Act grants the sponsored immigrant(s) and any Federal, State, local, or private agency that pays any means-tested public benefit to or on behalf of the sponsored immigrant(s) standing to sue me for failing to meet my obligations under this affidavit of support. I agree to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States *if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support.*

(Doc. No. 1-2 at 6, emphasis added). Here, there are no allegations in Plaintiff's Complaint that serve to establish that this court is "the appropriate court" in which to prosecute her claim.

"The jurisdiction of federal courts is, of course, limited; the federal district court may exercise only that jurisdiction which Congress has prescribed." *Local Div. 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Authority,* 667 F.2d 1327, 1330-1331 (11th Cir. 1982), *citing Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940); *Marshall v. Gibson's Products, Inc.*, 584 F.2d 668, 672 (5th Cir. 1978). "To bring a case within [28 U.S.C. § 1331], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (citations omitted).

Noting that "[t]he books are replete with authority on this point," the Supreme Court has found that federal jurisdiction "may not be invoked where the right asserted is non-federal, merely because the plaintiff's right to sue is derived from federal law, or because the property involved was obtained under federal statute. . . The federal nature of the right to be established is decisive-not the source of the authority to establish it." *National Mut. Ins. Co. of Dist. of Col. v. Tidewater Transfer Co.* 337 U.S. 582, 597-598, 69 S.Ct. 1173, 1180-1181 (1949) (internal citations omitted).

Here, the dispute does not involve the validity, construction or effect of the federal law, but only involves construction of the contract. A breach of contract claim is a creature of state law, even

if the contract itself was anticipated by a federal statute. *See Local Div. 732,* 667 F.2d 1327 at 1331 (a breach of a private contract would not invoke federal jurisdiction).[3] The Court concludes that it is without federal question jurisdiction to hear this action.

The Court is aware that several federal courts have entertained similar support suits, explicitly finding subject matter jurisdiction to do so. *See, e.g., Montgomery v. Montgomery,* 764 F. Supp. 2d 328, 330 (D. N.H. 2011) ("The parties do not question that this court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the plaintiffs' claim arises under federal law—namely, 8 U.S.C. § 1183(e)(1) . . ."); *Stump v. Stump*, No. 04-253, 2005 WL 2757329, \*1 (N.D. Ind. 2005) ("The Court's subject matter jurisdiction is predicated upon 8 U.S.C. § 1183a(e)(1) and 28 U.S.C. § 1331"); *Tornheim v. Kohn,* No. 00-5084, 2002 WL 482534, \*3 (E.D. N.Y. 2002) ("Plaintiff's suit arises under the laws of the United States . . ."). Even courts in this District have determined, either explicitly or implicitly, that such actions are, indeed, within the court's limited federal question jurisdiction. *See, e.g., Cheshire v. Cheshire*, No. 3:05-CV-00453-TJC-MCR, 2006 WL 1208010, at \*2 (M.D. Fla. May 4, 2006) ("the Court determined it has subject matter jurisdiction over this action, predicated upon 8 U.S.C. § 1183a and 28 U.S.C. § 1331"); *Hrachova v. Cook*, No. 5:09–cv–95–Oc–GRJ, 2009 WL 3674851 (M.D. Fla. Nov. 3, 2009) (determining merits after trial). These cases, however, are not controlling and, in this Court's view, do not contain a jurisdictional analysis sufficient to support that conclusion. Upon performing the required analysis on the instant facts, the undersigned respectfully disagrees with these cases, to the extent they hold that a federal court has federal question jurisdiction over a suit by a sponsored alien, pursuant to the Form.

---

[3]Importantly, the Court recognizes that an action *by the government* for reimbursement of *government paid* benefits may well be properly brought in federal court. Here, however, the sponsored alien, a third party beneficiary of the contract but not, herself, a party to the contract, seeks to enforce a right to *private* support, which arises pursuant to the contract.

Although the Court does not reach issues of abstention, an observation as to comity is appropriate. Even if this Court had jurisdiction, exercising it to consider Plaintiff's support claim would likely be imprudent. The state court, with indubitable jurisdiction, already has this claim under advisement and is well situated to determine all the interrelated issues arising from dissolution of the marriage. Any determination by the federal courts as to the obligations under the form affidavit would necessitate re-examination of other findings and allocations made as part of the divorce. Plaintiff herself demonstrates one of the difficulties of piecemeal litigation by pleading for provision of health and life insurance–matters pertinent in a dissolution but not covered by the obligation sued upon here.

## *Conclusion*

For the foregoing reasons, the Court finds it is without jurisdiction over this action and the suit is therefore "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2).  It is therefore **respectfully recommended** that the motion be **denied,** and the Complaint be **dismissed, without prejudice** to pursuit of the matter in the appropriate state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 25, 2012.

*David A. Baker*
       DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy