UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HELEN D. WINTERS,

        Plaintiff,

vs.                                        Case No. 6:12-cv-536-ORL-37DAB

MARK R. WINTERS,

        Defendant.

## ORDER

This cause is before the Court on the following:

1) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 2), filed on April 9, 2012;

2) Magistrate Judge David A. Baker's Report and Recommendation (Doc. No. 5), filed on April 25, 2012; and

3) Plaintiff's Objection to the Report and Recommendation of the United States Magistrate Judge (Doc. No. 7), filed on May 9, 2012.

## BACKGROUND

On April 9, 2012, Helen D. Winters ("Plaintiff") brought this action against Mark R. Winters ("Defendant") seeking the following relief:"

(A) [That this Court e]nter a judgment for the amount of financial support due to her pursuant to statute, less any credit to which Defendant is entitled;

(B) That this Court set a reasonable support for the minor children[1] to be

---

[1] Plaintiff had two children when she married Defendant, and Plaintiff and Defendant have one child together.

  paid by Defendant . . . to Plaintiff . . . . Retroactive child support should be calculated since the date of separation;

(C) That this Court requiring the Defendant to maintain health and hospitalization insurance coverage, including the costs and any amounts not covered by insurance, for the benefit of the [minor children] . . . until the age of majority or until such time as one of the terminating statutory events occurs;

(D) That the Defendant . . . be required to provide a life insurance policy on himself in an amount not less than one hundred thousand dollars ($100,000) naming the [minor children] . . . as irrevocable beneficiaries and the Plaintiff as the Trustee to said policy. That the Defendant be required to maintain the issue of the parties as sole beneficiary in any death benefits program which the Defendant holds throughout the minority, or until such time as one of the terminating statutory events occurs;

(E) That the Court require future payments in accordance with the Federal Poverty Guidelines published annually until such time as one of the terminating statutory events occurs.

(F) The Court require the Defendant to pay for his and the Plaintiff's attorney's fees, suit fees, and court costs through the conclusion of this proceeding;

(G) That the Court grant such other relief consistent herein.

(Doc. No. 1, p. 3.)

The "Form I-864 Affidavit of Support" ("Affidavit") to which Plaintiff refers in her Complaint is required when foreign citizens marry "sponsors" in the United States and seek naturalization here. (*See* Doc. No. 1, ¶¶ 9-11)*; Iannuzzelli v. Lovett,* 981 So. 2d 557, 558 (Fla. 3d DCA 2008). The terms of the Affidavit require the "sponsor" to provide financial support for the "sponsored alien(s)" to ensure that they do not "become a public charge." (*See* Doc. No. 1-2, p. 4.)

In this case, Plaintiff, a citizen of Nicaragua, married Defendant, a citizen of the United States, in 2005. (*See* Doc. No. 1, ¶ 4.) Defendant, the "sponsor," filed an Affidavit on behalf of Plaintiff, the "sponsored alien," and her two children later that year. (*See* Doc. No. 1-2.) Approximately five years later, in 2010, Defendant filed a Petition for Dissolution of Marriage in the Seventh Judicial Circuit of Volusia County, Florida. (*See id.* at ¶ 9.) As of the date of this Order, the parties' dissolution action remains pending. (*Id.*)[2]

## DISCUSSION

On April 25, 2012, Magistrate Judge Baker entered a Report and Recommendation recommending that this Court deny Plaintiff's Motion to Proceed *in Forma Pauperis* because it lacks subject matter jurisdiction over this action. (Doc. No. 5.) After an independent *de novo* review of the record in this matter and thorough consideration of

---

[2] From what this Court can derive from the state court documents attached to the Complaint (Doc. No. 1), Plaintiff did not have a copy of the Affidavit when she first filed counterclaims against Defendant in the dissolution proceeding. Despite a "diligent effort to obtain the [Affidavit]," Plaintiff could not find it by the February 17, 2012 deadline imposed by the state court judge. (*See* Doc. No. 7, p. 5, ¶ 2.) As a result, the state court judge ultimately dismissed her counterclaim related to the Affidavit. (*See id.* at pp. 6-7.) At some point thereafter, Plaintiff found the Affidavit, which she attached to the Complaint filed in this Court. (*See* Doc. No. 1-2.) According to the Complaint, "the [state court] has not overturned the Order Dismissing the Plaintiff's claim under I-864, and has not made a determination of child support and spousal support." (Doc. No. 1, ¶ 10.)

3

Plaintiff's objections (Doc. No. 7), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. The Court is not convinced that it has subject matter jurisdiction over this action merely because 8 U.S.C. § 1183a(e) allows a "sponsored alien" to bring a claim "against the sponsor in any appropriate court." As such, the Court adopts, ratifies, and confirms the Report and Recommendation as the opinion of this Court. (*See* Doc. No. 5.)

In addition to Judge Baker's sound reasoning and analysis, the Court notes an additional ground for dismissal. It is well-established that family law matters are strictly in the province of the state courts. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). Moreover, federal courts are prohibited from entering "divorce, alimony, and child custody orders." *Ankenbrandt v. Richards,* 504 U.S. 689, 703-04 (1982). This Court, like other federal courts, is simply ill equipped to address the myriad of family law issues that are entwined inextricably in the relief Plaintiff requests in this action.[3] The U.S. Supreme Court has explained:

> Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the [domestic relations] exception as it pertains to divorce and alimony decrees and child custody orders.
>
> ***
>
> Not only is our conclusion rooted in respect for this long-held

---

[3] For example, to determine Plaintiff's request for "retroactive child support . . . since the date of separation," this Court would likely have to analyze when the parties became legally separated, which party is considered the "primary residential parent" of their biological child, who was not alive when Defendant submitted the Affidavit, along with a number of other issues related to divorce (referred to as "dissolution of marriage" under current Florida law, *see* Fla. Stat. § 61.001), alimony, child support, and child custody (referred to as "time-sharing" under current Florida law, *see* Fla. Stat. § 61.13).

> understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and . . . deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Ankenbrandt,* 504 U.S. at 703-04 (footnote omitted) (citing *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982)).

In short, Plaintiff seeks a support decree (arguably encompassing aspects of both alimony and child support), which this Court "lacks power" to issue. *See id*. Accordingly, Plaintiff's action must be dismissed for this reason as well.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED:**

1) Magistrate Judge David A. Baker's Report and Recommendation (Doc. No. 5) is **ADOPTED** and incorporated herein as the opinion of the Court.

2) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 2) is **DENIED**.

3) Plaintiff's action is **DISMISSED**, and the clerk is directed to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 30, 2012.

_____
ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record